Thomas Lisabelle
vs.
Albani Barre, et al.
} Equity No. 11663.

December 12, 1932.

SUMNER, J. The complainant Lisabelle alleges that he and the respondent Barre entered into a partnership agreement by which they were to buy a Dodge sedan and use it jointly; that some 15 months after the car was bought, Barre took it into his personal possession to the exclusion of the complainant; that later Barre executed a fraudulent bill of sale of this car to his sister, Corinne Loiselle, a respondent in this case. The complainant asks that the respondents be decreed to be

trustees for the complainant of his interest in said car.

The respondent Barre admits that complainant made payments on said car as alleged by him, but denies that there was any partnership between the parties, and further claims that the complainant subsequently gave his interest in the car to him in consideration of services rendered.

Respondent Barre admits that he executed a bill of sale of said car to his sister, Corinne Loiselle, and delivered the car to her, but claims that it was for a valuable consideration. The respondent Corinne Loiselle claims that the car was transferred to her on account of money owed to her by said Barre.

The Court is satisfied that there was a partnership agreement between the complainant and the respondent Barre. The complainant made payments aggregating $503.75 in cash as well as his interest in a second-hand car formerly owned by his wife. He paid his share of the garage rent until the car was no longer at his service.

The partnership was terminated by the act of the respondent Barre in taking possession of the car for his own use in September, 1930. The complainant made all the payments required of him under the agreement, except the sum of $65.75 which the respondent Barre refused to allow him to make.

The value of the car at the time of its taking by the respondent Barre was estimated by an automobile expert as between $550 and $650. The complainant is entitled to recover from respondent Barre one-half of the value of the car at the time of taking, namely, $275, less the final payment of $65.75 which complainant did not make, leaving a balance due to the complainant of $209.25 with interest from the 15th day of September, 1930. The respondent Corinne Loiselle was undoubtedly familiar with the ownership of the car and took the bill of sale subject to its equities.

The two respondents should be decreed to be trustees for the complainant of his interest in the car. If the parties cannot otherwise agree, some one should be appointed to sell the car and distribute the proceeds according to the interests of the parties as above indicated.

For complainant: Frank H. Bellin.

For respondent: Peter W. McKiernan.